UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **RUFFIN EL**,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES, c/o Joseph Brant Estate**,<br><br>Defendant. | 2:20-cv-10378<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff Ruffin El has filed more than fourteen documents, affidavits, and proclamations with the Court. The submissions are a hodgepodge of selections from various treaties, state laws, and other cases. None of the documents provide the Court with a clear picture of what relief Plaintiff hopes to obtain by pursuing this case. As best as can be fathomed, it appears that Plaintiff's position is that, as a Moorish person, he is entitled to certain property under various ancient treaties that is now improperly in the possession of the United States government. Because Plaintiff's Complaint is frivolous and lacks the legal plausibility necessary to invoke federal subject matter jurisdiction, the Court will dismiss it sua sponte.

A district court may sua sponte dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure "when the allegations of a complaint are totally

1

implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See Campbell v. Gause*, No. 10-11371, 2011 WL 721489 (E.D. Mich. Feb. 3, 2011) (R. & R.) (dismissing frivolous complaint for lack of subject matter jurisdiction under Rule 12(b)(1)), *adopted by* 2011 WL 721859 (E.D. Mich. Feb. 23, 2011)); *Hammond v. City of Troy*, No. 15-12051, 2016 WL 3226016 (E.D. Mich. May 12, 2016) (R. & R.) (same), *adopted by* 2016 WL 3165778 (E.D. Mich. June 7, 2016). Although courts hold pro se complaints to "less stringent standards" than those drafted by lawyers, a district court may not ignore a plaintiff's plain failure to allege facts which establish a claim that is cognizable under federal law. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Here, Plaintiff has failed to allege any claim that is plausible on its face, or that permits the Court to find subject matter jurisdiction. The thrust of his claims seems to be that as a Moorish citizen he is not subject to the United States' property laws. Other courts have described similar claims as "patently frivolous" and dismissed them for lack of subject matter jurisdiction under Rule 12(b)(1). *See, e.g., Abdullah v. Morton*, No. 1:16-cv-1292, 2017 WL 2387833, at *2 (W.D. Mich. Apr. 13, 2017) ("[P]laintiff's contention that he is a Moorish citizen subject to treaty rights between the United States and the Moroccan Empire is patently frivolous."); *Great Seal Moorish Science Temple of Am., Inc. v. New Jersey*, No. Civ. A. 05-CV-345, 2005 WL 2396311, at *1 (E.D. Pa. Sep. 28,

2

2005) (dismissing Moors' claims under Rule 12(b)(1) because "the Complaint makes no logical sense, inasmuch as it is a random rendition bordering on a mish-mosh of legalese turned into meaningless meanderings"). Because Plaintiff's Complaint, even when read together with his other submissions, is fundamentally implausible, frivolous, and impossible to understand, dismissal for lack of subject matter jurisdiction is appropriate.

For these reasons, the Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of federal subject matter jurisdiction.

**SO ORDERED**.

Dated: May 26, 2020          s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE